IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | | |
|---|---|---|
| **PAUL GREGORY GRAHAM** § | | **PLAINTIFF** |
| § | | |
| § | | |
| **v.** § | **Civil No. 2:22cv161-HSO-BWR** | |
| § | | |
| § | | |
| **COMMISSIONER OF SOCIAL** § | | |
| **SECURITY** § | | **DEFENDANT** |

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [16] AND REVERSING AND REMANDING DECISION OF THE COMMISSIONER FOR FURTHER ACTION UNDER 42 U.S.C. § 405(g)

BEFORE THE COURT is the Report and Recommendation [16] of United States Magistrate Judge Bradley W. Rath entered on January 23, 2024. The Magistrate Judge recommended that the Commissioner of Social Security's decision be reversed and that this case be remanded to the Commissioner under 42 U.S.C. § 405(g) for further proceedings. *See* R. & R. [16] at 14 (filed restricted access). No party has objected to the Report and Recommendation [16], and the time for doing so has passed.

After review of the record and relevant law, the Court finds that the Report and Recommendation [16] should be adopted, that the Commissioner's decision should be reversed, and that this matter should be remanded to the Commissioner under 42 U.S.C. § 405(g) for further administrative proceedings consistent with the Magistrate Judge's Report and Recommendation [16].

I.  BACKGROUND

On or about December 15, 2020, Plaintiff Paul Gregory Graham ("Plaintiff" or "Graham") filed an application with the Social Security Administration for disability insurance benefits, alleging an onset of disability on May 1, 2018. *See* R. [6] at 119 (filed restricted access).[1] The claim was initially denied in March 2021, *see id.* at 123, and upon reconsideration in July 2021, *see id.* at 129.

After Plaintiff submitted a request for hearing, *see id.* at 146, an Administrative Law Judge ("ALJ") held a hearing on January 6, 2022, *see id.* at 19. The ALJ considered whether the claimant was disabled under the Social Security Act (the "Act") and whether he met its insured status requirements. *See id.* The ALJ determined that Plaintiff had not been disabled from May 1, 2018, through the date of that decision in January 2022. *See id.* at 19-31. Plaintiff sought Appeals Council review of the ALJ's decision, but the Appeals Council "found no reason under [its] rules to review the Administrative Law Judge's decision," and denied Plaintiff's request. *Id.* at 5.

Plaintiff then filed a Complaint [1] in this Court seeking judicial review pursuant to 42 U.S.C. § 405(g). *See* Compl. [1] (filed restricted access). Plaintiff insists that "the denial of his disability claim is not supported by substantial evidence under the standards set forth by 42 U.S.C. § 405(g)." *Id.* at 2. He contends that "the denial of his claim should be reversed or remanded for further administrative proceedings." *Id.*

---

[1] The Court will cite the page numbers automatically generated by its Case Management/Electronic Case Files (CM/ECF) system.

2

On February 13, 2023, United States Magistrate Judge Bradley W. Rath entered a Report and Recommendation [16] finding that the ALJ erred by formulating Plaintiff's Residual Function Capacity ("RFC") based upon her own lay interpretation of a September 2021 MRI of Plaintiff's lumbar spine, absent any medical expert evaluation of the MRI in the context of what, if any, functional limitations the findings would support.  *See* R. & R. [16] at 6-14 (filed restricted access).  The Magistrate Judge recommended that the ALJ's decision

> be reversed and this case remanded to the Social Security Administration to develop the record before determining Plaintiff's RFC by obtaining a medical opinion from a physician who has full access to Plaintiff's medical records and can opine regarding the impact of Plaintiff's condition upon his ability to work.

*Id.* at 14.

No party has objected to the Report and Recommendation [16], and the time for doing so has passed.  *See* L.U. Civ. R. 72(a)(3).

## II.  DISCUSSION

Where no party has objected to a Magistrate Judge's report and recommendation, the Court need not conduct a de novo review of it.  28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  Where there are no objections, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review to the report and recommendation.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

3

Having conducted the required review, the Court concludes that the Report and Recommendation [16] is neither clearly erroneous nor contrary to law. The Court will adopt the Magistrate Judge's Report and Recommendation [16] as the opinion of this Court and reverse and remand the decision of the Commissioner.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [16] of United States Magistrate Judge Bradley W. Rath entered on January 23, 2024, is **ADOPTED** as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Commissioner of Social Security's decision is **REVERSED**, and this matter is **REMANDED** under 42 U.S.C. § 405(g) for further administrative proceedings consistent with the Magistrate Judge's Report and Recommendation [16].

**SO ORDERED AND ADJUDGED**, this the 7th day of February, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE